# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**ARCHIE L. ROSS**                                                                                      **PLAINTIFF**

**v.**                                                  **NO. 4:06-CM-00074 GTE**

**STATE OF ARKANSAS**                                                               **DEFENDANT**

## ORDER OF DISMISSAL

Plaintiff Archie L. Ross, proceeding *pro se*, has filed a Notice of Removal purporting to remove to this Court the Arkansas Supreme Court's Order denying Mr. Ross's Motion for Reconsideration. Plaintiff claims that the Arkansas Supreme Court's ruling denied him equal protection under the Fourteenth Amendment to the United States Constitution.

Plaintiff asserts that he was charged with a misdemeanor crime of running a stop sign, drug charges and resisting arrest. While represented by counsel, Plaintiff contends he demanded, but was denied, a jury trial. Plaintiff was convicted at trial and sentenced to serve one year in jail, suspended to thirty (30) days house arrest and ordered to pay fines and court costs of $ 2,070.00. Thereafter, Plaintiff attempted to appeal his conviction, but the appeal was dismissed as untimely. It appears, based on the description contained in the Arkansas Supreme Court's per curiam opinions attached to Plaintiff's "Notice of Appeal" that Plaintiff eventually lodged an appeal of his conviction in the Arkansas Supreme Court. However, Plaintiff failed to file a timely brief with the Arkansas Supreme Court, and his appeal was dismissed. (Arkansas Supreme Court per curiam opinion dated April 6, 2006). Plaintiff subsequently filed a Motion for Reconsideration of the Dismissal of his appeal. The Arkansas Supreme Court denied Plaintiff's motion. (Arkansas Supreme Court per curiam opinion dated June 15, 2006).

This Court lacks subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment. *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810 (8th

Cir. 2004). The United States Supreme Court alone has jurisdiction to review state court decisions.

A limited exception to this rule is presented by habeas corpus actions. However, Plaintiff must be "in custody" pursuant to his state court conviction for such an action to lie. *See* 28 U.S.C. § 2254(a). Further, a federal habeas court is not the appropriate forum for a prisoner who wishes to challenge, as an independent claim, the process afforded him in state criminal proceedings. "Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981).

The Court expresses no final opinion as to whether Plaintiff has a valid habeas corpus claim because that issue is not before the Court. If Plaintiff believes he can satisfy the statutory requirements for such an action, he may obtain from the Clerk of the Court the form required to seek relief pursuant to 28 U.S.C. § 2254, complete the form, and file a habeas corpus petition.

Plaintiff may not, however, appeal a decision of the Arkansas Supreme Court to the United States District Court for the Eastern District of Arkansas. This Court lacks subject matter jurisdiction over such a claim.

Accordingly,

IT IS HEREBY ORDERED THAT this case be, and it is hereby, DISMISSED.

IT IS SO ORDERED this  10th  day of August, 2006.

    __/s/ Garnett Thomas Eisele_____
    UNITED STATES DISTRICT JUDGE